Catón, Justice, delivered the opinion of the court: This was an action on the ease commenced in the Lee circuit court, by the plaintiffs here against McKinney, as a constable, for a false return to an execution. The declaration contains two counts. The first states that the plaintiffs, in the name of Chancey Wood, on the fourth of January, 1840, recovered a judgment before a justice of the peace of Lee county, against one John Sims, for $50.16 ; that oh the twenty-fifth of the same month, an execution was issued on the judgment, and delivered to the constable, who, on the same day, levied it on the goods and chattels of Sims, of value sufficient to satisfy the debt.' This count then avers that the constable had not paid over the money, but deceitfully, etc., returned the execution, “no property found,” etc., whereby, etc. The second count is substantially the same as the first, except tbat it does not allege the levy, but avers that there was sufficient property of Sims in the county, out of which he might have made the debt. The defendant put in a plea of the general issue, and gave notice of special matter. A verdict was found for the defendant, and a motion made for a new trial, which was overruled by the court, and judgment rendered on the verdict. The bill of exceptions shows, that on the trial, the plaintiffs proved that they had given to the defendant a paper purporting- to be an indemnifying bond, and that they had [* 59] given the defendant verbal notice to produce it on the trial. The conrt decided this notice to be insufficient. The plaintiff then proved, that five minutes before, and during the progress of the trial, they had served the defendant with a written notice to produce the paper. The court also decided that notice to be insufficient, and, at the instance of the defendant, instructed the jury that there was no evidence before them of the indemnifying bond. The court refused to instruct the jury that, “no indemnity bond could be required by the constable to save him harmless in levying upon property.” To all of these decisions of the court, the plaintiffs below excepted; and they now assign these decisions for error. As we are not informed by the record, on what ground the motion for a new trial was urged, we cannot say that the court erred in overruling it. It is true, the clerk has sent us up a copy of an affidavit, which he certifies to us was filed in the cause by the plaintiff’s attorneys, but whether it was filed in support of the motion for a new trial, or for some other purpose, we are not informed. If the affidavit was filed in support of this motion, it should have been so stated in the bill of exceptions, and the affidavit incorporated into, or, at least, referred to by it. This not having been done, we are not at liberty to say that this affidavit had any connection with a motion for a new trial; and, for aught that we know, the court decided properly in overruling that motion, _ The verbal notice proved on the trial, to produce the paper, was clearly insufficient. A party is not bound to pay any attention to a verbal notice to produce a paper on the trial of a cause, where notice is required to be served before trial. The notice should be in writing, that the party may know with certainty and precision what paper is wanted; and he shall not be compelled to rely on his memory alone for its identity. Whether the written notice was served in time was a matter of sound discretion with the court, as such a question must alwaj-s depend on the peculiar circumstances of each case. Where it appears to the court that the party has the desired paper, notice given on the trial would be sufficient; but when this does not appear, the notice should b.e served a reasonable time before the trial at which it is wanted; unless, indeed, the paper wanted be one which the party must have known would be indispensable to his adversary, and that he could not sustain his action, or make good his defence, without it; in which case it is unnecessary to give any further notice; but the party must take notice himself that the paper will be wanted on the trial, and bring it with him accordingly. This paper was not of that character. As [*60] it does not appear that it was present in court, the notice served on the trial was insufficient, as was properly ruled by the court below. As no evidence was permitted to go to the jury of the paper purporting to be an indemnifying bond, for want of a proper notice to produce it, the court properly instructed the jury, that there was no evidence before them on that subject. The only remaining question to be disposed of is, whether the court erred in refusing to instruct the jury, that “ no indemnity bond could be required by the constable to save him harmless in levying upon property.” The instruction as asked for was, in terms so broad and comprehensive that it might reasonably be understood as presenting the abstract proposition, that in no ease could a constable require a bond of indemnity, before he is compelled to take property on execution, which is undoubtedly not the law. But admitting that it was intended to be understood in a more restricted sense, as that in the particular case before the court, the constable could not require an indemnity bond before he“ was bound to make the levy, still, as the instruction might or might not have been proper, according to the circumstances as proved on the trial, we cannot say that the decision was wrong. So far from enabling us to determine from the facts as proved, whether the instruction asked was proper or not, the bill of exceptions does not show that any evidence whatever was given to the jury. It may be a source of regret, that we are compelled to decide a case without having its real merits, if there be any, before us, on account of the loose and unsatisfactory manner in which the bill of exceptions is made out; but if counsel will prepare bills of exceptions and present them to the court to be signed, without presenting whatever merits their cases may have, they must abide the consequences of their own negligence. As was decided by this court in the case of Hall v. Rogers, (3 Scam. 6,) we will presume that the party complaining has incorporated everything into his bill of exceptions which is necessary to present the full merits of his case upon the point about which he complains. In the ease of Heaton v. Kemper, (2 Scam. 368,) where a similar difficulty arose, Mr. Justice Smith says, “ Nor do we perceive any injury arising from the refusal to give the abstract instruction asked for by the plaintiff. Indeed there is nothing appearing in the case, for none of the evidence is preserved, which shows even in a remote degree the applicability of the instruction asked.” Should we decide that the court erred in refusing this instruction, we should have to determine, in the absence of any evidence on the subject, that such a case was proved, on the trial, as made it the duty of the constable to make the levy, without being indemnified. This, according to the principles above laid down, we cannot do. The judgment is affirmed with costs. Judgment affirmed.